164 F.3d 630
 Lynda LOE, Plaintiff-Appellant,
v.
STATE FARM INSURANCE COMPANIES; David Rollins, Defendants-Appellees.
Lynda LOE, Plaintiff-Appellant,
v.
STATE FARM INSURANCE COMPANIES; David Rollins; John McMahon,
Defendants-Appellees.
 Nos. 96-55553, 96-55842.
D.C. Nos. CV-95-08121-WJR, CV-96-01381-WJR.
 United States Court of Appeals, Ninth Circuit.
 Sept. 25, 1998.
 
 Before BROWNING, BRUNETTI, and TROTT, Circuit Judges.
 
 ORDER
 
 1
 The disposition filed September 17, 1997 is vacated insofar as it affirmed the dismissal of Appellant Loe's fifth cause of action, under California Business & Professions Code §§ 17200, 17203.
 
 
 2
 Loe's fifth cause of action seeks restitutionary and injunctive relief under California's Unfair Competition Act, providing such relief from "any unlawful, unfair or fraudulent business act or practice." See Cal. Bus. & Prof.Code §§ 17200, 17203. The district court dismissed this claim as barred by Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58 (1988) (en banc). However, "[n]othing in Moradi-Shalal suggests that it was addressing anything other than the viability of an implied right of action for damages." See State Farm Fire & Casualty Co. v. Superior Court, 45 Cal.App.4th 1093, 1108-09, 53 Cal.Rptr.2d 229 (Cal.Ct.App.1996) (emphasis added). Because Loe does not seek damages, we follow the holding of State Farm v. Superior Court, 45 Cal.App.4th at 1098, 53 Cal.Rptr.2d 229, that "a cause of action limited to a request for injunctive or restitutive relief can be prosecuted under Business and Professions Code section 17200 based upon an insurer's alleged fraudulent misconduct and breach of the covenant of good faith implied in every policy of insurance."
 
 
 3
 Appellee suggests State Farm is "distinguishable," because each of the claims asserted in that case rested on an "independent basis" (e.g., common law fraud) and not upon Section 17200 alone. See 45 Cal.App.4th at 1110, 53 Cal.Rptr.2d 229. However, State Farm' § holding that Moradi-Shalal applies only to claims for damages is not conditioned on the presence or absence of a basis for relief independent of Section 17200.
 
 
 4
 Moreover, an independent basis for relief is not a prerequisite to Loe's Section 17200 cause of action. No such requirement could arise from Moradi-Shalal itself since Moradi-Shalal does not apply to claims solely for restitutionary and injunctive relief, such as Loe's. See State Farm, 45 Cal.App.4th at 1108-09, 53 Cal.Rptr.2d 229. Nor can it arise from Section 17200 since Loe does not rely on Section 17200's "unlawful" basis for relief (which by definition does require violation of some independent, predicate "law"), but on Section 17200's free-standing "unfair" and "fraudulent" bases for relief, see State Farm, 45 Cal.App.4th at 1102, 53 Cal.Rptr.2d 229, which require only proof that Appellee's conduct was "unfair," see id. at 1103-05, 53 Cal.Rptr.2d 229, or was likely to deceive the public, see id. at 1105, 53 Cal.Rptr.2d 229. Compare id. at 1103, 53 Cal.Rptr.2d 229 with id. at 1103-05, 53 Cal.Rptr.2d 229 (discussing "borrowing" of predicate statute in context of "unlawful" basis of relief, but not "unfair" and "fraudulent" bases).
 
 
 5
 We also reject Appellee's argument that California Insurance Code §§ 1860.1, 1860.2 immunize Appellee against Loe's Section 17200 claim because a policy similar to the policy involved in Loe's claim was approved by the Insurance Commissioner. First, the commissioner did not approve a personal liability policy such as that before us, but a commercial policy--a distinction clearly relevant to whether the insured is "likely to be deceived." Second, the commissioner's letter of approval explicitly states: "This action of approval shall not in any way limit any civil action under the laws of this state." This unqualified and unambiguous limitation on the effect of the commissioner's approval cannot be confined as Appellee suggests. Third, Appellee cites no authority suggesting Sections 1860.1 and 1860.2 immunize anything but insurers' rating and underwriting decisions--the subject matter of the chapter in which they fall. See Manufacturers Life Insurance Co. v. Superior Court, 10 Cal.4th 257, 267, 41 Cal.Rptr.2d 220, 895 P.2d 56 (1995) (en banc) (§ 1860.1 exempts "casualty insurance rates" from other laws). If the exemption extended beyond rate making to bar any claim involving the interpretation of any policy submitted by an advisory organization and approved by the commissioner, one would expect many references to this sweeping bar in the published reports of California decisions, but Appellee cites only one such reference--in a case involving rate making and underwriting. See Wilson v. Fair Employment & Housing Comm'n, 46 Cal.App.4th 1213, 54 Cal.Rptr.2d 419 (Cal.Ct.App.1996).
 
 
 6
 Since neither Moradi-Shalal nor Cal. Ins.Code §§ 1860.1, 1860.2 bar Loe's Section 17200 claim for restitutionary and injunctive relief, we reverse the district court's dismissal of that claim and remand for further proceedings consistent with this decision.
 
 
 7
 AFFIRMED in part, and REVERSED in part.